UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRENDIA JOYCIA FORD, ET AL                CIVIL ACTION

VERSUS                                    NO. 06-1065

AMSOUTH BANK                              SECTION R(1)

<u>**ORDER AND REASONS**</u>

Before the Court is defendant's motion to dismiss and/or for summary judgment.  For the following reasons, the Court GRANTS the motion and DISMISSES the case.

**I.  BACKGROUND**

In 2004 and 2005, the 26th Judicial District Court in the Parish of Bossier, Louisiana issued a series of judgments and amended judgments recognizing plaintiff Brendia Joycia Ford as the heir to Lucian Lee Ford, Jr.  (*See* R. Doc. 1, ¶ 4).  The last of these judgments appears to have been issued on May 19, 2005.[1] (*See* R. Doc. 2, ¶ 1).  On February 27, 2006, plaintiffs filed a "Petition to Enforce Judgment" in this Court.  (R. Doc. 1).  On

---

[1] Although neither party has provided the Court with a copy of any of these judgments, the parties are in agreement that the judgments were issued in the 26th Judicial District Court, Bossier Parish, Louisiana, in *Succession of Lucian Lee Ford, Jr.*, No. 14514.  (R. Doc. 11, ¶ 4; R. Doc. 20-2).

July 17, 2006, the state court annulled its previous judgments and reopened the succession proceedings at issue.  (R. Doc. 20-2).

Plaintiffs have since filed several other documents relating to the subject matter of the case.  (R. Docs. 3, 11, 12, 18).  The Magistrate Judge construed the last of these to be a motion to amend the complaint and denied the motion as untimely on November 6, 2006.  (R. Doc. 19).  Plaintiffs also filed a motion to uphold the state court ruling, which this Court denied.  (R. Doc. 16).  All of the plaintiffs' filings allege that certain parties have acted in contravention of the property rights adjudged in the state probate proceedings.  AmSouth now moves to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).  In the alternative, AmSouth moves for summary judgment, arguing that the alleged state court judgment upon which plaintiffs rely was annulled.

## II.   STANDARD OF REVIEW

### A.   Motion to Dismiss under Rule 12(b)(6)

In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff.  *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *American Waste & Pollution Control Co. v. Browning-Ferris,*

*Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991).  The Court must resolve doubts as to the sufficiency of the claim in plaintiff's favor.  *Vulcan Materials Company v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001).  A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted."  *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).  Dismissal is typically warranted only if it appears certain that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief.  *Id.*; *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995) (quoting *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)).

        **B.**    **Summary Judgment**

Summary judgment is appropriate only when the pleadings and summary judgment evidence establish that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor."  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)).  The moving party has the burden of showing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial.  *See id*. at 325; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1996).

## III. DISCUSSION

The plaintiffs request in paragraphs 11 and 12, respectively, of their amended complaint that the Court "uphold the State Court judgment and make it its own Judgment in all aspects" and "make the State Court Judgment its judgment as if copied in toto herein and that it be directed to defendant, Am South Bank."  Further, plaintiffs' pleadings are entitled "Amended Petition To Enforce Judgment" and "§1:105 Petition To

Enforce Louisiana Supreme Court Judgment And Recover Decedent's Funds."

The Court accepts all of plaintiffs' factual allegations as true for the purposes of defendant's 12(b)(6) motion.  The Court takes judicial notice that the state court annulled the judgment that the plaintiffs sought to enforce on July 17, 2006.  (R. Doc. 20-2).  The court also reopened the succession of Lucian Lee Ford, Jr., whose will is the subject matter of these proceedings. *Id.*  The plaintiffs therefore seek to enforce a judgment that is no longer valid, in a case that is still pending in state court. Accordingly, the Court finds that the case must be dismissed for failure to state a claim upon which relief may be granted.


**IV.   CONCLUSION**

Accordingly, IT IS ORDERED that the defendant's 12(b)(6) Motion to Dismiss is GRANTED and the case is DISMISSED.


New Orleans, Louisiana, this __6th__ day of March, 2007.


_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE