UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRENDIA JOYCIA FORD, ET AL          CIVIL ACTION

VERSUS                              NO. 06-1065

AMSOUTH BANK                        SECTION R(1)


## ORDER AND REASONS

Before the Court is plaintiffs' motion for reconsideration of the Court's order granting defendant's motion to dismiss. For the following reasons, the Court DENIES the motion.


**I.   BACKGROUND**

In 2004 and 2005, the 26th Judicial District Court in the Parish of Bossier, Louisiana issued a series of judgments and amended judgments recognizing plaintiff Brendia Joycia Ford as the heir to Lucian Lee Ford, Jr. (*See* R. Doc. 1, ¶ 4). The last of these judgments appears to have been issued on May 19, 2005.[1] (*See* R. Doc. 2, ¶ 1). On February 27, 2006, plaintiffs filed a

---

[1] Although neither party has provided the Court with a copy of any of these judgments, the parties are in agreement that the judgments were issued in the 26th Judicial District Court, Bossier Parish, Louisiana, in *Succession of Lucian Lee Ford, Jr.*, No. 14514. (R. Doc. 11, ¶ 4; R. Doc. 20-2).

"Petition to Enforce Judgment" in this Court.  (R. Doc. 1).  On July 17, 2006, the state court annulled its previous judgments and reopened the succession proceedings at issue.  (R. Doc. 20-2).

Plaintiffs have since filed several other documents relating to the subject matter of the case.  (R. Docs. 3, 11, 12, 18).  The Magistrate Judge construed the last of these to be a motion to amend the complaint and denied the motion as untimely on November 6, 2006.  (R. Doc. 19).  Plaintiffs also filed a motion to uphold the state court ruling, which this Court denied.  (R. Doc. 16).  All of the plaintiffs' filings allege that certain parties have acted in contravention of the property rights adjudged in the state probate proceedings.  On March 6, 2007, the Court granted AmSouth's motion dismiss because the state court had reopened the succession proceedings.  Plaintiffs now move for reconsideration.

## II.  MOTION FOR RECONSIDERATION

A district court has considerable discretion to grant or to deny a motion for reconsideration.  *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly.  *See Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3,

2

1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. Civ. A. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995).  The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts."  *Edward H. Bohlin Co.*, 6 F.3d at 355.  To succeed on a motion for reconsideration, a party must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'"  *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

Plaintiffs present no arguments that would warrant reconsideration of the Court's order dismissing the case.  Plaintiffs do not offer newly discovered evidence.  Plaintiffs' primary argument is that the Court did not grant a continuance of the pretrial conference sought by plaintiffs on account of a medical emergency.  Plaintiffs filed the motion to continue on March 5, 2007.  The Court, however, granted the motion to dismiss on March 6, 2007 – one day before the scheduled pretrial conference.  Plaintiffs have not demonstrated how the grant or denial of the motion to continue could prejudice their case when the Court's determination was made on the basis of the motions, briefs, and evidence.  Further, plaintiffs have not established

that the Court erred in granting the motion to dismiss. Plaintiffs do not point to any factual or legal conclusion that the Court made on the basis of the record that was in error. Accordingly, the Court denies the motion for reconsideration.

**V.   CONCLUSION**

For the foregoing reasons, the motion for reconsideration is DENIED.

New Orleans, Louisiana, this <u>18th</u> day of May, 2007.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE